UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MICHAEL L. WATTLETON,<br><br>               Plaintiff,<br><br>v.<br><br>WISCONSIN DEPARTMENT OF CORRECTIONS; CORRECTIONS CORPORATION OF AMERICA; PRAIRIE CORRECTIONAL FACILITY; TIMOTHY O'DELL, sued as Tim O'Dell; WARDEN GOODRICH, Assistant Warden; O'MALLEY, Security Chief; SEIDL, Unit Manager; STONE, Inmate Grievance Investigator; ANDERSON, Lt.; KOOSMAN, Lt.; JOHN DOE (number one); and C. WALTER, Correctional Officer,<br><br>               Defendants. | Civil No. 04-1602 (JRT/JGL)<br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

---

Michael L. Wattleton, No. 63237, Wisconsin Correctional Facility, Racine Correctional Institution, Box 900-I, Sturtevant, WI 53177-0900, *pro se*.

Nancy J. Krutsch, Rebecca A. Chaffee, and Sarah C. Madison, BEST & FLANAGAN LLP, 225 South Sixth Street, Suite 4000, Minneapolis, MN 55402-4690, for defendants.


Plaintiff Michael L. Wattleton, an inmate in a Wisconsin prison, filed a § 1983 claim after being placed in segregation for refusing to answer questions about suspected gang activity. After a magistrate judge recommended that his claim be dismissed,

Wattleton filed several motions with the Court. For the reasons discussed below, the Court overrules plaintiff's objections to the report and recommendation, denies plaintiff's motion to amend his complaint, and denies plaintiff's motion for a payment schedule.

## I.     Motions to Dismiss

Plaintiff was, at all times relevant to this case, an inmate under the custodial care of defendant Corrections Corporation of America at defendant Prairie Correctional Facility ("PCF") in Appleton, Wisconsin, under contract with defendant Wisconsin Department of Corrections ("WDOC"). All individual defendants were then employed at the PCF. Plaintiff filed this civil action pursuant to 42 U.S.C. § 1983 alleging that the above-named defendants violated his First Amendment right to freedom of speech and his Fifth Amendment right to remain silent after he was placed in segregation for ten days for failure to answer questions regarding suspected gang activity. Defendants brought two motions to dismiss which were referred to United States Magistrate Judge Jonathan Lebedoff for a report and recommendation.[1] This matter is now before the Court on plaintiff's objections to the report and recommendation, which recommends that the defendants' motions to dismiss be granted. The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons stated below, the Court overrules plaintiff's objections and adopts the report and recommendation of the Magistrate Judge.

---

[1] Defendant WDOC filed a separate motion to dismiss from the other defendants. The Magistrate Judge recommended that both motions be dismissed in their entirety.

The Magistrate Judge recommended 1) dismissing plaintiff's complaint against WDOC based on Wisconsin's immunity from suit under the Eleventh Amendment, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996); 2) dismissing plaintiff's First Amendment claim based on the fact that there is no general right not to speak or participate under the First Amendment, *see, e.g.*, *California v. FCC*, 75 F.3d 1350, 1362 (9th Cir. 1996); 3) dismissing plaintiff's Fifth Amendment claim because a self-incrimination claim only arises in the context of a criminal case, *Chavez v. Martinez*, 538 U.S. 760 (2003); and 4) dismissing plaintiff's conspiracy claim under 42 U.S.C. § 1985 because plaintiff's allegations are insufficient to support such a claim and because the predicate § 1983 claims should be dismissed.

In his objections to the Report and Recommendation, plaintiff does not point to any issues not considered by the Chief Magistrate Judge and fails to identify any legal or factual errors in the Report and Recommendation. *see* D. Minn. LR 72.1.  Therefore, the Court adopts the thorough and well reasoned Report and Recommendation of the Magistrate Judge and grants defendants' motions to dismiss.

## II.    Motion to Amend Complaint

On the same day plaintiff filed his objections to the Report and Recommendation, he also filed a third motion for leave to file an amended complaint.  Plaintiff's motion lists fourteen claims.  Some are the same claims asserted in his prior complaint; the other new claims are premised on the Fourteenth Amendment.  As the plaintiff does not allege

any facts in connection with his new claims, the Court will assume that these new claims arise out of the same set of facts in his original complaint.

To the extent plaintiff makes a due process claim pursuant to the Fourteenth Amendment, this claim fails because prisoners do not have a property interest in disciplinary proceedings unless those proceedings inevitably affect the length of the prisoner's sentence or otherwise impose an atypical or significant hardship on the inmate. *Sandin v. Conner*, 515 U.S. 472 (1995). Ten days in segregation does not meet the standard set in *Sandin*. To the extent plaintiff makes an equal protection claim under the Fourteenth Amendment, this too fails. Plaintiff has not alleged facts to establish that the defendants failed to treat similarly situated persons alike. *Abdullah v. Gunter*, 949 F.2d 1032, 1037 (8th Cir. 1991). Therefore, the Court denies plaintiff's motion on the ground that these proposed new claims also fail to state a claim upon which relief can be granted.

### III.   Motion for a Payment Schedule

Plaintiff has also filed a motion for a payment schedule requesting that if the Court finds in favor of defendants, plaintiff be allowed to make partial payments each month toward "whatever financial obligation is due defendants." Based on the record it appears that plaintiff has already paid his filing fee in this case, and, as the Court has not assessed any costs to the plaintiff for filing this complaint, the Court is unaware of any amount due on the part of the plaintiff. As such, the Court will deny plaintiff's motion as moot.

# ORDER

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 48] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 47]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Docket No. 19] is **GRANTED**;

2. Defendant Wisconsin Department of Corrections's Motion to Dismiss [Docket No. 36] is **GRANTED**; and

3. The matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED THAT:**

4. Plaintiff's Motion for Leave to File an Amended Complaint [Docket No. 49] is **DENIED**.

5. Plaintiff's Motion for Payment Schedule [Docket No. 54] is **DENIED as moot**.

The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  June 10, 2005　　　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge